Petition for a Writ of Habeas Corpus 28 U.S.C. § 2241

# UNITED STATES DISTRICT COURT
## for the
## District of Massachusetts

|  |  |
|---|---|
| Danny Duval Palacios Contreras,<br>    Petitioner<br><br>    v.<br>**Joseph D. McDonald**, Plymouth County Sheriff<br>**Todd M. Lyons**, Acting Director Immigration and Customs Enforcement, Boston Field Office<br>**Michael Krol**, New England Field Office Director U.S. Immigration and Customs Enforcement<br>**Patricia Hyde**, Director of the Boston Field Office, U.S. Immigration and Customs Enforcement Enforcement and Removal Operations<br>**Kristi Noem,** U.S. Secretary of Homeland Security<br>**Pamela Bondi**, Attorney General of the U.S.<br>**Donald Trump**, President of the U.S.<br>    Respondents | Case No. |

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. § 2241**

**INTRODUCTION**

1. Danny Duval Palacios Contreras (hereinafter "the Petitioner") is a resident of Massachusetts currently detained by the Department of Homeland Security (hereinafter "the Department"). The Department currently holds the Petitioner at the Immigration and Customs Enforcement, Enforcement and Removal Operations ("ICE ERO"), Boston Field Office in Plymouth, Massachusetts.

2. The Petitioner alleges that his detention is a violation of the Due Process Clause of the Fifth Amendment and a violation of the Administrative Procedure Act. He asks this Court to assume jurisdiction over the matter of his detention, order the Respondents to desist from moving him outside of Massachusetts, order his immediate release, order the Respondents to transport him to and from any state court or immigration court proceedings, award reasonable attorney's fees and costs for this action and grant such further relief as the Court deems just and proper.

**JURISDICTION**

3. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question); 28 U.S.C. § 2241 (habeas corpus); Art. I, § 9, cl. 2 of the United States Constitution (Suspension Clause); and 28 U.S.C. § 2201 (declaratory judgment).

4. Venue is proper because Petitioner is detained in the District of Massachusetts by Immigration and Customs Enforcement (ICE) in Massachusetts and under the custody and control of ICE officials in Massachusetts at the time of the filing of this petition. Respondent Patricia Hyde is the Director of the Boston Field Office of ICE Enforcement and Removal Operations (ICE ERO), with authority over ICE ERO's operations and detainees in New England. The Petitioner has not yet left the jurisdiction of the Boston Field Office.

## PARTIES

5. Petitioner Danny Duval Palacios Contreras is a resident of Massachusetts. The Department currently holds him in the ICE ERO Field Office in Plymouth, Massachusetts.

6. Respondent Donald J. Trump is named in his official capacity as the President of the United States. In this capacity, he is responsible for the policies and actions of the executive branch, including the Department of State and Department of Homeland Security.

7. Respondent Patricia Hyde is named in her official capacity as the New England Field Office Director for U.S. Immigration and Customs Enforcement.

8. Respondent Todd Lyons is named in his official capacity as the Acting Director for U.S. Immigration and Customs Enforcement. As the Senior Official Performing the Duties of the Director of ICE, he is responsible for the administration and enforcement of the immigration laws of the United States and is legally responsible for pursuing any effort to remove the Petitioner; and therefore, is a custodian of the Petitioner.

9. Respondent Kristi Noem is named in her official capacity as the Secretary of Homeland Security. In this capacity, she is responsible for the administration of the immigration laws pursuant to Section 103(a) of the INA, 8 U.S.C. § 1103(a) (2007); is legally responsible for pursuing any effort to detain and remove the Petitioner; and therefore, is a custodian of the Petitioner.

10. Respondent Michael Krol is the New England Special Agent in Charge for Homeland Security Investigations for U.S. Immigration and Customs Enforcement. He is sued in his official capacity.

11. Respondent Joseph D. McDonald is named in his official capacity as sheriff of Plymouth County. In this capacity, he is responsible for the detention of noncitizens held at the Plymouth County Correctional Facility, and therefore, is a custodian of the Petitioner.

## **FACTS**

12. The Petitioner first entered the United States on November 11, 2022, at or near Yuma, Arizona.

13. He was issued an order to appear at removal proceedings on February 13, 2023.

14. On August 2, 2024, the petitioner filed an I-589 Application for Asylum and Withholding of Removal with the Chelmsford, MA Immigration Court where a hearing on the merits has been set for October 2, 2025.  (File No. A246081012).

15. Prior to his arrest by ICE, Petitioner was living with family members in Lynn, MA.

16. On or about June 3 or 4, 2025, the Petitioner was arrested by the Lynn Police on charges of solicitation for pay.  (Docket No.: 2513CR002055).

17. Upon information and belief, the Petitioner appeared in Lynn District Court and was arraigned and released on personal recognizance after the court determined that he was not a risk of flight or danger to the community.

18. Upon information and belief, ICE agents arrested and detained the Petitioner after he exited the Lynn District Court.

19. The Petitioner was moved to Plymouth County Correctional Facility.

20. The Petitioner has an immigration lawyer, through which he was attempting to resolve his immigration matters.

21. Without orders from this Court it is likely that the Petitioner will be moved out of the Commonwealth of Massachusetts and/or prohibited from attending his state court and immigration court proceedings.

## CLAIMS FOR RELIEF

### FIRST CLAIM

### Violation of Fifth Amendment Right to Due Process

22. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

23. The Constitution establishes due process rights for "all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent." *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001).

24. The Respondents' detention of the Petitioner is unjustified. The government has not demonstrated that the Petitioner must be detained. *See Zadvydas*, 533 U.S. at 690 (finding immigration detention must further the twin goals of (1) ensuring the noncitizen's appearance during removal proceedings and (2) preventing danger to the community). The government must provide argument that the Petitioner cannot be safely released back to his community.

25. The Petitioner was released and has been living in Massachusetts for more than two years. It is unclear how or why ICE targeted him for arrest in June of 2025.

26. Upon reason and belief, the Respondents did not present a warrant when they arrested the Petitioner. Petitioner is entitled to knowledge of the charges brought against him. Absent that, his detention violates his due process rights.

### SECOND CLAIM

### Violation of Fourth Amendment Protection Against Unreasonable Search and Seizure

27. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

28. The Constitution guarantees protection of the people from unreasonable search and seizure from government actors under the Fourth Amendment. Upon reason and belief, the Petitioner was detained and seized without process of law in violation of that protection.

### THIRD CLAIM

### Violation of the Administrative Procedure Act and the *Accardi* Doctrine

29. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

30. The Respondents have adopted a policy of moving detained noncitizens from facilities in their home states to frustrate judicial procedure and more swiftly effectuate the removal of those noncitizens without interference from the noncitizens' counsel. This policy is arbitrary and capricious, an abuse of discretion, contrary to constitutional right, contrary to law, and in excess of statutory jurisdiction. 5 U.S.C. § 706 (2)(A), (B), (C), and violates the *Accardi* doctrine and federal agencies' own rules, *see Accardi v. Shaughnessy*, 347 U.S. 260 (1954).

31. His detention is an unlawful violation of his rights under the Administrative Procedure Act to be free from arbitrary and capricious administrative action. His detention also violates his statutory due process rights under the Administrative Procedure Act.

### FOURTH CLAIM

### Release on Bail Pending Adjudication

32. Petitioner repeats and re-alleges the allegations contained in the preceding paragraphs of this Complaint-Petition as if fully set forth herein.

33. Federal courts sitting in habeas possess the "inherent power to release the petitioner pending determination of the merits." *Savino v. Souza*, 453 F. Supp. 3d 441, 454 (D. Mass. 2020) (quoting Woodcock v. Donnelly, 470 F.2d 93, 94 (1st Cir. 1972) (per curiam)); see also *Da Graca v. Souza*, 991 F.3d 60 (1st Cir. 2021). Federal courts "have the same inherent authority to admit habeas petitioners to bail in the immigration context as they do in the criminal habeas case." *Id*. (quoting *Mapp v. Reno*, 241 F.3d 221, 223 (2d Cir. 2001)). "A court considering bail for a habeas petitioner must inquire into whether the habeas petition raise[s] substantial claims and [whether] extraordinary circumstances exist[ ] that make the grant of bail necessary to make the habeas remedy effective." *Id*. (quoting Mapp, 241 F.3d at 230) (cleaned up).

This petition raises constitutional and statutory claims challenging the Petitioner's detention. Upon reason and belief, the Petitioner fears his transfer to a detention facility outside of Massachusetts, and potentially out of the country, where his remote location would prevent him from marrying his fiancée as well as adequately litigating his removal proceedings by limiting his access to counsel and evidence located within the District of Massachusetts.

## **PRAYER FOR RELIEF**

Wherefore, Petitioner respectfully requests this Court to grant the following:

1. Assume Jurisdiction over this matter;
2. Order the Respondents to desist from transferring him outside of this District pending his state court and immigration court proceedings;
3. Order the Respondents to transport the Petitioner to and from any state court or immigration court proceedings;

4. Order the immediate release of the Petitioner pending these proceedings;

5. Award reasonable attorney's fees and costs for this action; and

6. Grant such further relief as the Court deems just and proper.

                                      Respectfully submitted,

                                      PETER CHARLES HORSTMANN
                                      B.B.O. # 556377
                                      450 Lexington Street, Suite 101
                                      Newton, MA 02466
                                          (617) 519-9011
                                      *pete@horstmannlaw.com*

## **CERTIFICATE OF SERVICE**

      I hereby certify that on June 6, 2025, a true copy of the above document was filed via the Court's CM/ECF system and that a copy will be sent automatically to all counsel of record.

PETER CHARLES HORSTMANN